**CORROSION COATINGS, INC., et al., Plaintiffs,**

v.

**CARBOLINE CO., Defendant.**

**No. C–1–84–1175.**

United States District Court,
S.D. Ohio, W.D.

June 13, 1986.

Joseph J. Dehner, Cincinnati, Ohio, for plaintiffs.

Lawrence D. Walker, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon a Motion for Summary Judgment filed by defendant, Carboline Co. (doc. no. 20). Carboline moves this Court to dismiss the fifth, sixth and seventh causes of action of plaintiffs, Corrosion Coatings and Thomas Insko. A hearing was held on the Motion for Summary Judgment on June 10, 1986. At the hearing, plaintiff withdrew count seven of the Complaint. Count seven of the Complaint is therefore no longer a cause of action in this case.

In the fifth cause of action, plaintiffs allege that Carboline wrongfully terminated the representation agreements between the parties because such termination was not by mutual consent nor did Corrosion Coatings fail to comply with the terms of the agreements. Defendant maintains, however, that the written agreements between plaintiffs and Carboline clearly and specifically state that the agreements are terminable by either party upon thirty days' written notice. In regard to the sixth cause of action alleging promissory estoppel, defendant asserts that it never made a promise that the agreements between the parties could be terminated only for cause, as alleged in the sixth cause of action.

Summary judgment should only be granted where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law. Further, all evidence must be construed most favorably on behalf of the non-moving party.

Construing the evidence most favorably in plaintiffs' behalf, there are genuine issues as to material facts and reasonable minds cannot reach but one conclusion based on the evidence.

■ The syllabus by the Ohio Supreme Court in *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985), reads as follows:

1. Unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law.

2. The facts and circumstances surrounding an oral employment-at-will agreement including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge.

3. The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forebearance actually resulted and was detrimental to the employee.

Mr. Insko related in his affidavit that he received a memorandum signed by Bud Steinberg, as agent of Carboline, dated January 12, 1981. The memorandum stated that Carboline had joined the Manufacturers Agent National Association ("MANA"). Mr. Insko also stated that the written representation agreements between Corrosion Coatings and Carboline were repeatedly modified by memoranda and letters sent by Carboline to Corrosion Coatings. Such memoranda and letters mod-

ified the method for computing commissions and also altered the legal parties to the agreements. The terms stated in such memoranda and letters became effective and modified the written agreements unless Corrosion Coatings affirmatively communicated disagreement or rejection of the proposed modification. Mr. Insko additionally averred that based on prior practice and custom, by not responding to the January 12, 1981 memorandum, the written agreements between Carboline and Corrosion Coatings were modified to incorporate the provisions of MANA code. Finally, Mr. Insko stated that by modifying the written agreement to incorporate the MANA code, he believed that Corrosion Coatings could be terminated as a manufacturer's representative by Carboline only for failure to comply with the terms of the agreements with Carboline.

Although *Mers* dealt with an oral employment-at-will agreement, the syllabus of the case applies with equal force in this action. Consequently, the facts and circumstances surrounding the agreement between the parties in this case, including the character of the employment custom, the course of dealing between the parties, company policy or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreements' explicit and implicit terms concerning representation termination.

■ In this case, reasonable minds cannot conclude that the MANA code was not a part of the contractual relationship between the parties. In addition, the January 12, 1981 memorandum from Carboline to Corrosion Coatings, construing the evidence most favorably in plaintiffs' behalf, was a memorandum which Carboline should have reasonably expected to be relied upon by Corrosion Coatings and Corrosion Coatings actually relied to its detriment on the memorandum by continuing its relationship with Carboline.

While defendant contends that the MANA code listed in the memorandum contains no direct, indirect, express or implied promise to do or not to do anything with

respect to plaintiffs' existent representation agreements, there is a material fact in issue as to whether the letter itself was an agreement modifying the parties' previous contract and making the new contract cancellable by either party during the first year on suitable advance written notice but subsequently only for failure of either party to comply with its terms or by mutual consent.

Finally, the Court reiterates that for purposes of summary judgment, plaintiffs' continued dealing with defendant as its sales representative is sufficient reliance for purposes of promissory estoppel. Construing the evidence as it must be construed for purposes of Fed.R.Civ.P. 56, a unilateral offer to modify the terms of an agreement was extended plaintiffs, to which they accepted by silence and continued representation for Carboline.

Defendant's Motion for Summary Judgment is therefore DENIED.

IT IS SO ORDERED.